UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JASWINDER SINGH, | ) | |
| Plaintiff, | ) | No. C-09-2035 SC |
| v. | ) | |
| WELLS FARGO BANK, N.A.; FIRST AMERICAN LOANSTAR TRUSTEE SERVICES; DS MORTGAGE, INC.; and DOES 1-30, inclusive, | ) | ORDER GRANTING MOTION TO DISMISS |
| Defendants. | ) | |

**I.   INTRODUCTION**

This matter comes before the Court on the Motion to Dismiss ("Motion") filed by Defendant Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo").  Docket No. 11.[1]  Plaintiff Jaswinder Singh ("Plaintiff" or "Singh") filed an Opposition and Wells Fargo submitted a Reply.  Docket Nos. 22, 23.  For the following reasons, the Court GRANTS the Motion.

**II.   BACKGROUND**

According to the Complaint, on or about October 2, 2007, Plaintiff borrowed $839,000 from Wells Fargo to purchase property

---

[1]  Due to a changed hearing date, Wells Fargo re-noticed the motion.  Docket No. 20.

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

located at 1153 Park West Drive, Pittsburg, CA 94565.  <u>See</u> Notice

of Removal, Docket No. 1, Ex. A ("Compl.") ¶¶ 2, 12.  Singh is an

Indian national who works as a cashier in a gas station.  <u>Id.</u> ¶¶

16, 18.  The loan was secured by two deeds of trust.  <u>Id.</u> ¶ 2.

One of the deeds lists Singh as the borrower and Wells Fargo as

the lender.  Request for Judicial Notice ("RJN"), Docket No. 12,

Ex. 1 ("Deed of Trust") at 1-2.[2]  Plaintiff alleges that Wells

Fargo and DS Mortgage, Inc. funded and serviced the loan, and

First American Loanstar Trustee Services ("First American") was

substituted in as a Trustee.[3]  Compl. ¶¶ 3-5.  Plaintiff has been

unable to keep up with the payments on the mortgage.  <u>Id.</u> ¶ 24.

First American sent Plaintiff a notice of default, and the

trustee's sale was set to occur on May 4, 2009.  <u>Id.</u> ¶¶ 24, 39;

RJN Ex. 2 ("Notice of Default"); RJN Ex. 3 ("Notice of Trustee's

Sale").

On April 27, 2009, Plaintiff sued Wells Fargo and others in

Contra Costa Superior Court.  <u>See</u> Compl.  Plaintiff accuses

---

[2] Wells Fargo submitted a request for the Court to take judicial notice of copies of the Deed of Trust, the Notice of Default, and the Notice of Trustee's Sale.  The Court may take judicial notice of facts not subject to reasonable dispute.  Fed. R. Evid. 201.  Courts may take judicial notice of matters of public record.  <u>Hotel Employees & Rest. Employees Local 2 v. Vista Inn Mgmt. Co.</u>, 393 F. Supp. 2d 972, 978 (N.D. Cal. 2005).  Here, the three documents were recorded in the Contra Costa County Recorder's Office.  The Court may take judicial notice of these documents without converting Wells Fargo's motion to dismiss into a motion for summary judgment because these documents are explicitly mentioned in, and therefore incorporated by reference into, Plaintiff's Complaint.  <u>United States v. Ritchie</u>, 342 F.3d 903, 907 (9th Cir. 2003); <u>Knievel v. ESPN</u>, 393 F.3d 1068, 1076 (9th Cir. 2005).  The Court GRANTS Wells Fargo's request for judicial notice.

[3] On June 12, 2009, Plaintiff voluntarily dismissed all claims against DS Mortgage, Inc.  Docket No. 21 ("Pl.'s Notice of Dismissal").

Defendants of unlawful, fraudulent, or unfair predatory real

estate lending practices.  Id. ¶ 14.  These predatory lending

practices include failing to provide proper disclosures, and

charging excessive fees.  Id.  Plaintiff obtained a temporary

restraining order enjoining the trustee's sale.  See Notice of

Removal Ex. A ("Temporary Restraining Order and Order to Show

Cause").  Wells Fargo removed the case to this Court because the

Complaint raises questions of federal law.  See Notice of Removal.

Wells Fargo moves to dismiss the Complaint.  Mot. at 1.

**III.  LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure

12(b)(6) "tests the legal sufficiency of a claim."  Navarro v.

Block, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal can be based

on the lack of a cognizable legal theory or the absence of

sufficient facts alleged under a cognizable legal theory.

Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

1990).  Allegations of material fact are taken as true and

construed in the light most favorable to the nonmoving party.

Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir.

1996).  However, the court need not accept as true legal

conclusions couched as factual allegations.  Ashcroft v. Iqbal,

129 S.Ct. 1937, 1949-50 (2009).  "Threadbare recitals of the

elements of a cause of action, supported by mere conclusory

statements, do not suffice."  Id. at 1949.  With regard to well-

pleaded factual allegations, the court should assume their truth,

but a motion to dismiss should be granted if the plaintiff fails

3

*United States District Court*
*For the Northern District of California*

to proffer "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007).

**IV.   DISCUSSION**

The Complaint consists of sixteen causes of action. See Compl. ¶¶ 42-141. In his Opposition, Plaintiff concedes that a number of his causes of action cannot survive a motion to dismiss. Opp'n at 1. Plaintiff states that he will not pursue claims under the following causes of action against Wells Fargo:

> 1. Those portions of the First Cause of Action, for Declaratory Relief that concern issues surrounding possession of the promissory note, placement of the note in a trust pool, and fraud on the court.
> 2. Third Cause of Action for Civil Conspiracy.
> 3. Eighth Cause of Action for Violation of California Civil Code §§ 1920 and 1921
> 4. Ninth Cause of Action for Violation of California Civil Code § 1916.7
> 5. Those portions of the Twelfth Cause of Action for Unfair Business Practice based on violations of California Business and Professions Code section 17500, et seq.
> 6. Thirteenth Cause of Action for Breach of Fiduciary Duty
> 7. Fifteenth Cause of Action for Injunctive Relief

Opp'n at 1-2. Based on Plaintiff's concession that those causes of action are untenable, the Court DISMISSES them WITHOUT LEAVE TO AMEND as to both Wells Fargo and First American. The Court addresses each of Plaintiff's remaining causes of action.

**A.   First Cause of Action for Declaratory Relief and Eleventh Cause of Action for Fraud**

As his first cause of action, Plaintiff seeks declaratory

4

1   relief.  Compl. ¶¶ 42-48.  As this "cause of action" is ultimately

2   a request for relief, in order to weigh it the Court must look to

3   the underlying claims.  See Weiner v. Klais and Co., Inc., 108

4   F.3d 86, 92 (6th Cir. 1997).  As noted above, Plaintiff has

5   already stated that he will not pursue claims concerning "[t]hose

6   portions of the First Cause of Action, for Declaratory Relief that

7   concern issues surrounding possession of the promissory note,

8   placement of the note in a trust pool, and fraud on the court."

9   Opp'n at 1.

10      Plaintiff contends declaratory relief is still appropriate

11   because there is an immediate and substantial dispute concerning

12   whether Wells Fargo committed fraud in obtaining and servicing the

13   loan.  Id. at 2-3.  Plaintiff's eleventh cause of action alleges

14   fraud.  Compl. ¶¶ 95-113.  Allegations of fraud "must state with

15   particularity the circumstances constituting fraud . . . ."  Fed.

16   R. Civ. P. 9(b).  The plaintiff must include "the who, what, when,

17   where, and how" of the fraud.  Vess v. Ciba-Geigy Corp. USA, 317

18   F.3d 1097, 1106 (9th Cir. 2003) (citation omitted).  "The

19   plaintiff must set forth what is false or misleading about a

20   statement, and why it is false."  Decker v. Glenfed, Inc. (In re

21   GlenFed, Inc. Sec. Litig.), 42 F.3d 1541, 1548 (9th Cir. 1994).

22      Plaintiff alleges that "Defendants and each of them made a

23   representation to the Plaintiff on October 2, 2007, that DS

24   MORTGAGE had the rights and standing of a beneficiary under

25   California Law."  Compl. ¶ 102.  Plaintiff alleges that "[t]his

26   false statement was made on the Deed of Trust and presented to the

27   Plaintiff on October 2, 2007."  Id. ¶ 103.  However, the Court can

28

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1    find no mention of DS Mortgage, Inc. on the Deed of Trust, and on

2    June 12, 2009, Plaintiff voluntarily dismissed all claims against

3    DS Mortgage, Inc.  See Pl.'s Notice of Dismissal.  As currently

4    pled, the Court fails to understand how Plaintiff has a viable

5    fraud claim based on representations relating to DS Mortgage, Inc.

6         Plaintiff also alleges that defendants misrepresented and

7    failed to disclose material facts relating to the loan

8    transaction, including the true terms of the loan and the finance

9    charges.  Compl. ¶ 108.  These allegations are not stated with the

10   particularity required by Federal Rule of Civil Procedure 9(b).

11   Plaintiff's eleventh cause of action for fraud is DISMISSED WITH

12   LEAVE TO AMEND, and Plaintiff's first cause of action for

13   declaratory relief is DISMISSED WITH LEAVE TO AMEND.

14        **B.   Second Cause of Action - Demand for Accounting**

15        Plaintiff alleges a claim for accounting in order to

16   establish what amount of money he owes Defendants.  Compl. ¶¶ 49-

17   51.  "A cause of action for an accounting requires a showing that

18   a relationship exists between the plaintiff and defendant that

19   requires an accounting, and that some balance is due the plaintiff

20   that can only be ascertained by an accounting."  Hafiz v. Aurora

21   Loan Servs., No. 09-1963, 2009 WL 2029800, at *2 (N.D. Cal. July

22   14, 2009)("Aurora")(quoting Teselle v. McLoughlin, 173 Cal. App.

23   4th 156, 179 (2009)).  Here, Plaintiff does not allege some

24   balance is due to him.  Instead, he seeks an accounting to

25   determine how much money he owes Defendants.  Compl. ¶¶ 50-51.

26   Plaintiff does not cite any authority that supports his right to

27   seek an accounting under these circumstances.  Accordingly, the

28

                                      6

**United States District Court**
For the Northern District of California

claim for an accounting is DISMISSED WITH LEAVE TO AMEND.

C.   **Fourth Cause of Action for Violation of the Real Estate Settlement Procedures Act ("RESPA")**

Plaintiff alleges Defendants violated RESPA, 12 U.S.C. §§ 2601 et seq., and RESPA's corresponding Regulation X, 24 C.F.R. §§ 3500 et seq.  Compl. ¶¶ 9, 58-62.  This statute prohibits, among other things, kickbacks and unearned fees in the mortgage lending business.  See 12 U.S.C. § 2607.  In his Complaint, Singh cites to the U.S. Department of Housing and Urban Development's "two-part test for determining the legality of lender payments to mortgage brokers," and Plaintiff concludes that "a violation of RESPA has occurred – i.e. 12 U.S.C. § 2607 and 24 C.F.R. § 3500.14."  Id. ¶ 29.  Plaintiff has sued his lender, Wells Fargo, and the trustee, First American, and the Complaint does not identify or contain detailed factual allegations concerning mortgage brokers. Based on this absence of sufficient factual allegations, dismissal of the claim is appropriate.

Furthermore, the statute of limitations for a violation of 12 U.S.C. § 2607 is one year.  12 U.S.C. § 2614; Hafiz v. Greenpoint Mortgage Funding, Inc., No. 09-1729, 2009 WL 2137393, at *3 (N.D. Cal. July 16, 2009)("Greenpoint").  Here, Plaintiff admits he obtained his loan on or about October 2, 2007.  Compl. ¶ 20.  He did not file a lawsuit until April 27, 2009, which is over one year later.  See Compl.  In his Opposition, Singh contends that the statute of limitations should be equitably tolled.  Opp'n at 3.  Equitable tolling focuses on whether there was excusable delay by the plaintiff in filing his or her lawsuit.  Santa Maria v.

United States District Court
For the Northern District of California

1  <u>Pacific Bell</u>, 202 F.3d 1170, 1178 (9th Cir. 2000).  In his

2  Opposition, Singh alleges that Wells Fargo continues to withhold

3  documentation of illegal fees from him, but this bare assertion is

4  not sufficient to explain why his delay in filing his Complaint

5  should be excused.  <u>See</u> <u>Greenpoint</u>, 2009 WL 2137393, at *3 ("Given

6  the factual deficiencies of the complaint, [plaintiff] . . . has

7  no RESPA claim to toll."); <u>Abdollahi v. Washington Mut., FA</u>, No.

8  09-00743, 2009 WL 1689656, at *3 (N.D. Cal. June 15, 2009)(finding

9  that plaintiff had not pled sufficient facts to support assertion

10  that RESPA one-year statute of limitations should be tolled).  In

11  his Opposition, Singh also alleges Wells Fargo violated 12 U.S.C.

12  § 2605,[4] which is subject to a three-year statute of limitations.

13  Opp'n at 3.  However, Plaintiff's Complaint contains no explicit

14  discussion of this statute.  Based on the one-year statute of

15  limitations that applies to 12 U.S.C. § 2607, and the absence of

16  sufficient factual details, the Court DISMISSES Plaintiff's RESPA

17  claim WITH LEAVE TO AMEND.

18       D.   **Fifth Cause of Action for Violation of Equal Credit**
            **Opportunity Act ("ECOA")**

19

20       Plaintiff alleges Defendants violated ECOA, 15 U.S.C. §§ 1691

21  <u>et</u> <u>seq.</u>  Compl. ¶¶ 63-67.  Plaintiff alleges he is a minority

22  borrower, and that he "applied for credit for an amount less then

23  [<u>sic</u>] the amount she [<u>sic</u>] ultimately qualified for.  Plaintiff

24  never received denial of that application, but rather, was granted

25
_____

26       [4] This statute concerns disclosures to loan applicants, and
    requires servicers of mortgage loans to provide notice to borrowers
27  when there is an assignment, sale, or transfer of the servicing of
    the loan.  12 U.S.C. § 2605.

28
                                    8

credit in a larger amount." Id. ¶ 66.  To establish a prima facie
case under ECOA, plaintiffs must demonstrate that: (1) they were a
member of a protected class; (2) they applied for credit from
defendants; (3) plaintiffs were qualified for the credit; and (4)
despite qualification, plaintiffs were denied credit.  Chiang v.
Veneman, 385 F.3d 256, 259 (3d Cir. 2004).  Plaintiff does not
allege he was denied credit; instead, he alleges he was granted
too much credit.  Compl. ¶ 66.  An ECOA claim is not viable under
these circumstances.  See Greenpoint, 2009 WL 2137393, at *4
(noting that ECOA was designed to ensure access to credit and
plaintiff's allegations in foreclosure case show she obtained
credit).  Plaintiff's fifth cause of action is DISMISSED WITH
LEAVE TO AMEND.

**E.   Sixth Cause of Action for Violation of the Fair Housing
Act ("FHA")**

Plaintiff alleges Defendants violated the FHA, 42 U.S.C.
§§ 3601 et seq., by engaging in the practice of "reverse-
redlining."  Compl. ¶¶ 68-72.  Courts have only recently begun to
treat reverse-redlining claims as cognizable under the FHA, so the
Ninth Circuit has not had an opportunity to rule on the matter.
Where reverse-redlining claims are recognized, a four-part test
governs whether a plaintiff has sufficiently pled a claim.  The
plaintiff must allege: (1) that he is a member of a protected
class; (2) that he applied for and was qualified for loans; (3)
that the loans were given on grossly unfavorable terms; and (4)
that the lender either intentionally targeted him for unfair loans
or currently makes loans on more favorable terms to others.  Munoz

9

<u>v. Int'l Home Capital Corp.</u>, No. 03-1099, 2004 WL 3086907, at *4 (N.D. Cal. May 4, 2004).

Here, Plaintiff alleges that "Defendants engaged in the practice of Reverse Redlining (the practice of targeting minority [<u>sic</u>] to make loans on less favorable terms than their Caucasian counterparts) in approving Plaintiff's loan." <u>Id.</u> ¶ 70. Plaintiff alleges that "Defendants intentionally targeted Indians, and/or Indian natives in the making of loans on terms less favorable then [<u>sic</u>] their Caucasian counterparts." <u>Id.</u> ¶ 71. These allegations are mere legal conclusions. They do nothing more that recite some of the elements of the cause of action, and Singh provides the Court with no factual detail to show that his reverse-redlining claim is plausible. <u>See</u> <u>Greenpoint</u>, 2009 WL 2137393, at *5 (dismissing reverse-redlining claim in foreclosure case where plaintiff "leanly recites the elements of the claim in her complaint"). The sixth cause of action is DISMISSED WITH LEAVE TO AMEND.

**F.    <u>Seventh Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing</u>**

Plaintiff alleges Defendants breached the implied covenant of good faith and fair dealing by failing to take steps to verify Plaintiff's income, by failing to provide proper and accurate disclosures, by approving the loan applications based on information known to be false, by failing to disclose that Plaintiff was likely to default, and by misleading Plaintiff as to the fees associated with the loan. Compl. ¶ 77. Most of these alleged failures would appear to have occurred when the contract

was being negotiated.  Failures that affect the formation of the
contract, rather than its performance or enforcement, cannot be
used to state a claim for breach of the implied covenant of good
faith and fair dealing.  <u>McClain v. Octagon Plaza, LLC</u>, 159 Cal.
App. 4th 784, 799 (Ct. App. 2008).  Plaintiff also alleges that
Defendants failed to make required disclosures "after the loans
were consummated," Compl. ¶ 77, but these allegations are too
conclusory, and they do not have enough factual support to survive
a motion to dismiss.  Plaintiff's seventh cause of action is
DISMISSED WITH LEAVE TO AMEND.

> **G.   Tenth Cause of Action - Rescission/Cancellation**

Plaintiff's tenth cause of action is grounded in his claim
that Defendants committed fraud.  Plaintiff alleges that his
consent to the loan was obtained by Defendants "through mistake
and fraud by engaging in deceptive practices." Compl. ¶ 89.  He
alleges that Defendants made fraudulent representations and he
seeks to rescind or cancel his contract on that basis.  <u>Id.</u> ¶¶ 91-
94.  Since the Court has already dismissed Plaintiff's cause of
action for fraud, Plaintiff's tenth cause of action must also be
DISMISSED WITH LEAVE TO AMEND.

> **H.   Twelfth Cause of Action for Unfair Business Practices**

In his Opposition, Plaintiff states he will not pursue a
claim under "[t]hose portions of the Twelfth Cause of Action for
Unfair Business Practice based on violations of California
Business and Professions Code section 17500, et seq." Opp'n at 1.
The only other basis for an unfair business practices claim is the
allegation that Defendants violated California Business and

11

Professions Code sections 17200 <u>et</u> <u>seq.</u>  <u>See</u> Compl. ¶¶ 115.

Plaintiff states that Defendants violated section 17200 by:

> [U]sing bait and switch tactics; making loans without providing borrowers with sufficient, accurate and understandable information regarding the terms and conditions of the loan; making loans without providing borrowers with sufficient, accurate and understandable information regarding the nature and extent of the financial risk being assumed by the borrowers; and making loans without regard to the financial ability of the borrower to pay.

<u>Id.</u> ¶ 117.  Plaintiff further alleges that "the conduct of Defendants threatens an incipient violation of various consumer protection statutes, or which violate the policy or spirit of such laws . . . ."  <u>Id.</u> ¶ 118.

This cause of action is derivative of some other illegal conduct or fraud committed by a defendant, and "[a] plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation."  <u>Khoury v. Maly's of California, Inc.</u>, 14 Cal. App. 4th 612, 619 (Ct. App. 1993).  The underlying wrongs that Plaintiff is alleging are based on discrimination and fraud.  <u>See</u> Opp'n at 7.  The Court has already found that Plaintiff has not sufficiently alleged fraud, and Plaintiff also fails to plead with reasonable particularity the facts to support a claim for racial discrimination.  Nor does Plaintiff plead with particularity or describe how Wells Fargo or First American violated any other statute or policy.  Therefore, this cause of action is DISMISSED WITH LEAVE TO AMEND.

**I.  Unjust Enrichment**

Wells Fargo moves to dismiss Plaintiff's claim for unjust

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1    enrichment on the ground that no such cause of action is

2    recognized in California.  Mot. at 9-10.  Wells Fargo is correct.

3    See Hafiz, 2009 WL 2029800 at *4 (dismissing unjust enrichment

4    claim in foreclosure case without leave to amend); see also Jogani

5    v. Super. Ct., 165 Cal. App. 4th 901, 911 (Ct. App. 2008)

6    ("[U]njust enrichment is not a cause of action"); Melchior v. New

7    Line Prods., Inc., 106 Cal. App. 4th 779, 793 (2003) ("The phrase

8    'Unjust Enrichment' does not describe a theory of recovery, but an

9    effect: the result of a failure to make restitution under

10   circumstances where it is equitable to do so.").  Plaintiff

11   alleges that by entering into this mortgage loan transaction and

12   by attempting to conduct a foreclosure, Defendants were unjustly

13   enriched.  Compl. ¶¶ 129-130.  Plaintiff fails to explain how

14   Defendants could have been unjustly enriched under circumstances

15   where Plaintiff has defaulted on his loan.  The Court therefore

16   DISMISSES the fourteenth cause of action for unjust enrichment

17   WITHOUT LEAVE TO AMEND.

18          **J.    Quiet Title**

19          Wells Fargo moves to dismiss Plaintiff's quiet title claim on

20   several grounds.  Mot. at 10.  Although Plaintiff's Statement of

21   Issues raises the question of whether a borrower can quiet title,

22   his Opposition contains no further discussion of his sixteenth

23   cause of action.  See Opp'n.  Thus it is unclear whether Plaintiff

24   wishes to pursue this claim.  Furthermore, to assert a quiet title

25   claim, the Complaint must be verified.  Cal. Code Civ. Proc.

26   § 761.020.  Singh's Complaint is not verified.  Accordingly, the

27   Court DISMISSES the quiet title claim WITH LEAVE TO AMEND.

28                                    13

**United States District Court**
For the Northern District of California

**V.    CONCLUSION**

For the reasons stated above, the Court DISMISSES the following causes of action WITHOUT LEAVE TO AMEND as to both Wells Fargo and First American:

1.    Those portions of the first cause of action for declaratory relief that concern possession of the promissory note, placement of the note in a trust pool, and fraud on the court;

2.    The third cause of action for civil conspiracy;

3.    The eighth cause of action for violation of California Civil Code sections 1920 and 1921;

4.    The ninth cause of action for violation of California Civil Code section 1916.7;

5.    Those portions of the twelfth cause of action for unfair business practice based on violations of California Business and Professions Code section 17500 <u>et</u> <u>seq.</u>;

6.    The thirteenth cause of action for breach of fiduciary duty;

7.    The fourteenth cause of action for unjust enrichment; and

8.    The fifteenth cause of action for injunctive relief.

The Court DISMISSES the following causes of action WITH LEAVE TO AMEND as to both Wells Fargo and First American:

1.    The eleventh cause of action for fraud;

2.    The first cause of action for declaratory relief to the extent it is based on allegations of fraud;

3.    The second cause of action for an accounting;

14

4.    The fourth cause of action for violation of RESPA;

5.    The fifth cause of action for violation of ECOA;

6.    The sixth cause of action for violation of the FHA;

7.    The seventh cause of action for breach of the covenant of good faith and fair dealing;

8.    The tenth cause of action for rescission or cancellation of the contract;

9.    The twelfth cause of action for violation of California Business and Professions Code sections 17200 et seq.; and

10.    The sixteenth cause of action to quiet title.

An Amended Complaint must be filed within thirty (30) days of this Order.  Many of the allegations here are boilerplate allegations that have been filed in other actions in this District in almost identical form.  See, e.g., GreenPoint, 2009 WL 2137393; Aurora, 2009 WL 2029800; Lomboy v. SCME Mortgage Bankers, No. 09-1160, 2009 WL 1457738 (N.D. Cal. May 26, 2009).  Such a practice strongly suggests to the Court that Plaintiff is unable to state plausible claims for relief, and is merely seeking to forestall a legitimate foreclosure process.  Plaintiff is strongly encouraged to bring only those claims that have, or are likely to have, evidentiary support.  See Fed. R. Civ. P. 11(b)(3).


IT IS SO ORDERED.

July 30, 2009

_____
UNITED STATES DISTRICT JUDGE